IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHLEEN M. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-466-D |
| | ) | |
| MOTEL 6 OPERATING, L.P., d/b/a MOTEL 6, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The Court has reviewed the Notice of Removal and has found insufficient allegations to establish the existence of federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).[1] Specifically, the Notice fails to allege facts regarding the citizenship of the removing defendant.

The citizenship of a limited partnership is the citizenship of all partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). The Notice of Removal was filed by a limited partnership, Motel 6 Operating, L.P., which states it is the proper defendant in this action rather than the corporation named in Plaintiff's state court petition. However, the Notice alleges only facts that would establish the citizenship of a corporation under 28 U.S.C. § 1332(c)(1); it contains no allegations concerning the citizenship of the partners of the limited partnership. Thus, the Notice states no factual basis for the general allegation of complete diversity of citizenship.

IT IS THEREFORE ORDERED that Defendant shall file an amended notice of removal to allege the existence of diversity jurisdiction not later than May 19, 2011.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

IT IS SO ORDERED this  5th   day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE